IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ISAAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03 C 5271 |
| ) | MAGISTRATE JUDGE NOLAN |
| CARMAX AUTO SUPERSTORES, INC., ) | JUDGE KENNELLY |
| ) | |
| Defendant. ) | |

*FILED SEP 12 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT*

*DOCKETED SEP 18 2003*

## NOTICE OF MOTION

**TO:** Lance A. Raphael, Stacy M. Bardo, Saulius V. Modestas, The Consumer Advocacy Center, P.C., 25 East Washington, Suite 1805, Chicago, Illinois 60602-1829

You are hereby notified that on the <u>18th</u> day of <u>September, 2003</u>, at <u>9:30 a.m.</u>, or as soon as counsel may be heard, I shall appear before the Honorable <u>Judge Kennelly</u> in Court Room No. <u>2103</u>, or any other judge as may be holding court in his absence, in the court room usually occupied by him in the United States District Courthouse, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Motion to Dismiss**, a copy of which is hereby served upon you, and request hearing *instanter* thereon, at which time and place you may appear as you see fit to do.

_____
Bruce S. Terlep

### CERTIFICATE OF DELIVERY

The undersigned hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS, paragraph 5/1-109, that the above notice and attached pleadings were placed in the U.S. Mail at Lisle, Illinois, proper postage prepaid to the party at the address set forth above at or before 5:00 p.m. on the <u>10th</u> day of <u>September, 2003</u>.

_____
Barbara A. Corso

Bruce S. Terlep
**SWANSON, MARTIN & BELL**
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
(630) 799-6920

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ISAAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 5271 |
| | ) | MAGISTRATE JUDGE NOLAN |
| CARMAX AUTO SUPERSTORES, INC., | ) | JUDGE KENNELLY |
| | ) | |
| Defendant. | ) | |

FILED SEP 1 2 2003 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

DOCKETED SEP 1 8 2003

**DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

NOW COMES defendant, CARMAX AUTO SUPERSTORES, INC., by and through its attorneys, SWANSON, MARTIN & BELL, and moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of plaintiff's complaint, with prejudice, and in support thereof, defendant states as follows:

1. Plaintiff has filed the instant three-count complaint alleging odometer fraud against this defendant. Counts I and II plead violation of the federal and state odometer fraud statutes, respectively. Count III alleges violations of the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq*.

2. The only allegations of fraud against this defendant contained in plaintiff's complaint are for alleged misstatements regarding the odometer reading on the subject vehicle.

3. Insofar as plaintiff's cause of action is governed by the Federal Motor Vehicle Information and Cost Savings Act, 49 USC §32701, *et seq* and the Illinois Motor Vehicle Code, 625 ILCS 5/3-112.1, plaintiff may not seek recovery for the same compensatory or punitive damages under the Illinois Consumer Fraud Act.



4. This concept was discussed by the Court in *Perez v. Z Frank Oldsmobile, Inc.*, 233 F.3d 617 (7th Cir. 2000). The Court in *Perez* performed an exhaustive analysis of both the federal and Illinois odometer statutes and concluded that where a cause of action is premised upon alleged misrepresentations regarding an odometer reading only (as opposed to other misrepresentations regarding the history of the vehicle), that liability for the alleged odometer fraud may only lie under the federal or state odometer statutes. *See Perez* at 622-624. In *Perez*, the plaintiff filed a cause of action for odometer fraud not only under the federal and Illinois odometer statutes, but also for common law fraud. The Court in *Perez* concluded that, unless plaintiff could demonstrate a distinct fraudulent misrepresentation separate and apart from the alleged odometer misrepresentation, the plaintiff could not maintain a cause of action for common law fraud. The *Perez* Court reasoned that since the federal and Illinois odometer statutes contain a provision for treble damages, both the federal and state legislatures deemed the treble multiplier to be the proper measure for punitive damages if any were to be assessed. Thus, the *Perez* court opined that any greater punitive award for the same alleged misconduct under a common law fraud theory would contravene the express legislative intent espoused in the respective odometer statutes. *Id.*

5. Although the *Perez* analysis dealt with a common law fraud claim, the logic of that opinion is equally applicable to plaintiff's consumer fraud count in this action. The same alleged misrepresentation—*i.e.*, that defendant misrepresented the actual miles on the vehicle at the time of sale—forms the basis for each of the three counts of plaintiff's complaint. Thus, the compensatory damages sought by plaintiff under the Consumer Fraud Act are merely duplicative of those sought under the federal and Illinois odometer counts. Moreover, under the *Perez*

opinion, the punitive damages sought under the Consumer Fraud Act cannot be greater than the treble multiplier set forth in the odometer acts.

6. Therefore, Count III of plaintiff's complaint fails to state a cause of action upon which relief may be granted and must be dismissed, with prejudice, pursuant to the holding in *Perez*.

WHEREFORE, defendant, CARMAX AUTO SUPERSTORES, INC., respectfully requests that this Court enter an order dismissing Count III of plaintiff's complaint, with prejudice, pursuant to Rule 12(b)(6) for the reasons stated herein.

Respectfully submitted,

**SWANSON, MARTIN & BELL**

By: _____
Bruce S. Terlep

Bruce S. Terlep
**SWANSON, MARTIN & BELL**
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
(630) 799-6900

3